JANUARY TERM, 1882, No. 307.          APRIL 18TH, 1882.

## Dewees's Appeal.

1. An assignor of property for the benefit of creditors has no right of appeal from the distribution because of the disallowance by the Court below of the claim of a third party, which claim was based upon an alleged appropriation of assets to her made by the assignor before the assignment.

2. An assignor for the benefit of creditors in the deed reserved his exemption, but made no claim at the time of the inventory and appraisement. A dower mortgage, in which the assignor had an interest, was subsequently collected by legal process, and the assignor claimed his exemption from this fund. By direction of the Court the moneys representing his interest were paid to the assignee, with the understanding that the assignee should claim credit in his account for the $300 exemption. *Held*, that this sum of $300 was attachable in the hands of the assignee, under an execution issued by a judgment creditor of the assignor upon a judgment in which was a waiver of the exemption.

Before SHARSWOOD, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. MERCUR, J., absent.

Appeal from the decree of the Court of Common Pleas of *Montgomery County*, confirming the report of an auditor making distribution of the balance in the hands of George Wolf, assignee of the estate of Jacob H. Dewees.

The assignee filed an account, showing a balance on hand of $981.53, which was referred to Aaron S. Schwartz, as auditor, to distribute.

Before the auditor a claim was made on behalf of Mrs. Mary E. Slater, in which the facts as found by him were as follows:

Mary Dewees, the mother of Jacob H. Dewees, died some time before his assignment was made. Soon after her death, and before the assignment, the children of Mrs. Dewees agreed to pay each his portion of her funeral expenses. Jacob had no present means to pay his share, and Mary E. Slater agreed to pay for him. Whether she paid the $120 before or after the assignment does not clearly appear, nor is Jacob's evidence free from contradiction as to what agreement was made to secure Mrs. Slater for this payment of $120. First, in answer to a leading question, he states there

[Dewees's Appeal.]

was an appropriation made by him to her, before the assignment, of his interest in the dower mortgage, or so much thereof as was needed to repay her; but later in his testimony, upon cross-examination, he shows clearly that there was no more than an agreement to repay her when he became in funds, mentioning this dower mortgage as the means of enabling him to repay. There was no present intention to make a transfer of the mortgage to Mrs. Slater.

The auditor disallowed the claim as an appropriation or assignment of his interest in the dower mortgage, but allowed her a *pro rata* dividend.

The assignor claimed $300 as his exemption. The facts concerning this claim, as found by the auditor and appearing in the testimony taken by him, were as follows:

The assignor reserved the benefit of his exemption in the deed of assignment, but failed to claim it or ask to have it set apart for him when the inventory and appraisement were held. The instrument, called a dower mortgage, was not appraised. Subsequently George N. Corson, Esq., as counsel for the parties interested in this mortgage, collected the amount due under it. The assignor claimed his $300 exemption out of his proportion of this fund before any part of it was paid to the assignee. Counsel for the assignee claimed the share of the assignor, and took a rule upon the sheriff to pay this share into Court. Upon argument, the Court decided that the money should be paid to the assignee, who should claim credit in his account for $300 exemption. This was done. Ely & Morris issued an attachment execution upon a judgment against the assignor, containing a waiver of exemption, and summoned the assignee as garnishee.

The auditor allowed the $300 exemption, but awarded the amount to Ely & Morris, the attaching creditors.

Mary E. Slater and Jacob H. Dewees, the assignor, filed exceptions to these findings.

The Court below, Ross, P. J., January 16th, 1882, dismissed the exceptions, filing an opinion, saying, *inter alia:*

"The Court has listened with care and attention to the last argument made by counsel. It was deemed in the prior opinions that the case of Gery v. Ehrgood, 7 Casey, 329, did not govern the claim of the defendant to the exemption, for it seemed to the Court, that although the fund might possibly be conceived to be, as that fund was, liable to the control and disposition of the Court, yet not so much within its grasp as to make the case just cited a ruling and controlling motor in the general distribution of the fund. It is true that the Court compelled Mr. Corson to pay over to

the assignee the sum in question, but it went into his hands, *i. e.*, into the hands of the assignee, precisely as if no question had arisen in the Court in regard to it. Had it been retained by Mr. Corson, as counsel, it would have been precisely in the same situation that it is to-day. It must be remembered that when he received it, he did so as counsel for the assignor—his receipt would have been as counsel for the assignor, and beside, it must also be specially remembered, that if personal property it would have been liable in the hands of Mr. Dewees to the execution of his creditor. Why, then, should it be supposed that it has any peculiar sanctity because of the assignment? The real estate out of which it arose was not sold by the order of this Court, but came into the hands of the sheriff under regular execution process—would have passed to him as any other property passing by sheriff's sale. In the sheriff's hands, with an execution against it waiving $300, it would have been amenable to the writ. Being so, it cannot be disputed that it was so also in the hands of the assignee.

"Therefore, it seems to the Court that no error has been committed by the auditor, and his report with its distribution must be confirmed.

"If the opinions already filed cannot now be found, they will be reproduced and refiled, in order that the record may be entire and perfect. All the other exceptions, especially that in reference to the arrangement between the heirs and Mr. Dewees, have been carefully considered, and they seem also to have been so by the auditor. His finding of fact upon these matters, it seems to the Court, cannot be questioned, certainly not in view of the evidence before him, both that originally taken and that which was subsequently submitted at the instance of the Court."

Dewees, the assignee, then appealed, assigning as errors, *inter alia*, that the Court erred in not allowing the exemption to Dewees, and in not allowing the claim of $120.

*George N. Corson*, for the appellant.

It was manifest error to disallow the claim of Mary E. Slater. It was upon a family arrangement, proper to be made, and such a settlement has always been sustained by the Court. There was a good consideration and intention to transfer, and an assent by the intended assignee: Dale *v.* Land Co., 3 Phila., 328; Lightner's Appeal, 82 Penna. Stat., 301; Patten *v.* Wilson, 34 Penna. Stat., 299; Chase *v.* Bank, 66 Penna. Stat., 169; Thomas' Estate, 26 P. F. Smith, 40.

As to the exemption, we hold, that under the authority of Gery *v.* Ehrgood, 7 Casey, 330, and the numerous au-

[Gerhab *v*. Ruth *et ux.*]

thorities therein cited, that the plain sense of the law is that $300 of property is to be saved to Dewees from the execution creditors, and this money, which is given in its stead, cannot be attached while passing from the Court to his hands.

*H. K. Weand*, for Ely & Morris; *G. W. Rogers*, for the assignee; and *Neville D. Tyson*, for J. S. Gerhard, appellees.

The money was in the hands of the assignee, and was duly attached. It had never reached Dewees, and was not in Court. The interest in the mortgage passed by the assignment, and neither Dewees nor his attorney had any lawful right to intercept it in its passage to him.

Mrs. Slater had no claim to the $120. It never was assigned or transferred to her in any way. She does not claim it. Dewees makes the claim.

MAY 1ST, 1882.—PER CURIAM: Mrs. Slater has not appealed, and this appellant has no right to stand in her shoes. In regard to the appellant's claim of the $300, we concur in the opinion of the learned Court below.

Decree affirmed and appeal dismissed at the costs of the appellant.